**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

LAVEL BEST,                        )
                                   )
      Petitioner,                   )
                                   )
v.                                 )          **CIVIL ACTION NO. 5:12-04378**
                                   )
JOEL ZIEGLER, Warden,              )
                                   )
      Respondent.                   )

**PROPOSED FINDINGS AND RECOMMENDATION**

On August 16, 2012, Petitioner, an inmate incarcerated at FCI Beckley, Beckley, West Virginia, and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner alleges that the Federal Bureau of Prisons [BOP] is improperly calculating his term of imprisonment. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

**PROCEDURE AND FACTS**

Petitioner was arrested by State authorities on March 9, 2007, in Rowan County, North Carolina, for Second Degree Trespass. (Document No. 8-1, p. 8.) Petitioner was released on bond the same day. (Id.) On July 27, 2007, Petitioner was charged by State authorities with Driving While License Revoked in Rowan County, North Carolina. (Id., p. 2.) Petitioner committed the instant

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

federal offense of Possession of a Firearm by a Convicted Felon on August 29, 2007. (<u>Id.</u>) Petitioner, however, was not arrested at that time. (<u>Id.</u>) Petitioner was arrested by State authorities in Rowan County, North Carolina, on September 15, 2007, for Assault with a Deadly Weapon and other offenses. (<u>Id.</u>, p. 8.) Petitioner was released on bond the same day. (<u>Id.</u>) On October 22, 2007, Petitioner was again arrested by State authorities in Rowan County, North Carolina, for Felony Possession with Intent to Sell and Deliver Marijuana, Felony Possession with Intent to Sell and Deliver Cocaine, Injury to Personal Property, and Communicating Threats. (<u>Id.</u>) Petitioner was released on bond the same day. (<u>Id.</u>) On November 7, 2007, Petitioner was arrested by State authorities in Rowan County for Felony Possession with Intent to Sell and Deliver Cocaine, Possession of Marijuana, Possession of Drug Paraphernalia, Felony Maintain Vehicle/Dwelling/Place for Controlled Substance, and other charges. (<u>Id.</u>) Petitioner remained in State custody following his arrest. (<u>Id.</u>)

On January 3, 2008, the Rowan County District Court dismissed the charges against Petitioner for Injury to Personal Property and Communicating Threats. (<u>Id.</u>, p. 3.) On January 14, 2008, the Rowan County District Court also dismissed the charges against Petitioner for Assault with a Deadly Weapon. (<u>Id.</u>) On January 28, 2008, Petitioner was sentenced in Rowan County District Court to a 20-day term of imprisonment, with credit for time served, for the Second Degree Trespass charge committed on March 9, 2007. (<u>Id.</u>, p. 10.) On February 19, 2008, Petitioner was sentenced in Rowan County District Court to a 90-day term of imprisonment for his charge of Driving While License Revoked committed on July 27, 2007. (<u>Id.</u>, p. 3.) Petitioner appealed his sentence, and the case was subsequently voluntarily dismissed. (<u>Id.</u>)

Petitioner was indicted in the Middle District of North Carolina on February 26, 2008. (<u>Id.</u>,

2

p. 3.) On numerous occasions beginning on April 4, 2008, to January 21, 2009, Petitioner was borrowed by Federal authorities pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum. (Id., pp. 19 - 20.) On April 24, 2008, Petitioner was sentenced in Rowan County District Court to a 120-day total term of confinement for multiple charges of Driving While License Revoked. (Id., p. 4.) Subsequently, Petitioner appealed this sentence, and all four cases were subsequently voluntarily dismissed. (Id.)

On July 28, 2008, Petitioner plead guilty in the Middle District of North Carolina to Possession of a Firearm by a Convicted Felon (occurrence date of August 29, 2007), and Possession with Intent to Distribute Cocaine Base (occurrence date of October 22, 2007). (Id., pp. 12 - 17.) On February 23, 2010, the United States District Court for the Middle District of North Carolina imposed a 160-month term of imprisonment. (Id.) On June 25, 2010, all remaining State charges in North Carolina were voluntarily dismissed, and Petitioner was released to Federal authorities. (Id., p. 4.)

On August 16, 2012, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1.) Petitioner alleges that the BOP is improperly calculating the term of his imprisonment. (Id.) Specifically, Petitioner appears to contend that the BOP is improperly denying him Federal credit for the time he served in State custody. (Id.) Specifically, Petitioner contends that "all State of North Carolina charges" were dismissed, but "prison officials failed to give the Petitioner jail credit." (Id., pp. 2 - 3.) Petitioner contends that he is entitled to Federal credit beginning "on February 26, 2008, since that was the date he was originally arrested in connection with this offense." (Id., p. 3.)

In support of his Petition, Petitioner attaches the following: (1) A copy of a letter from the

3

State of North Carolina General Court of Justice addressed to FCI Beckley dated July 21, 2010 (Id., pp. 5, 7 - 20.); (2) A copy of a "Detainer Action Letter" dated July 12, 2010 (Id., p. 6.); (3) A copy of a "Rejection Notice" dated June 14, 2012, from the Central Office Administrative Remedy Coordinator (Id., p. 21.); (4) A copy of a "Rejection Notice" dated May 1, 2012, from the Mid-Atlantic Regional Office Administrative Remedy Coordinator (Id., p. 22.); (5) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated February 12, 2012[2] (Id., p. 23.); (6) A copy of Warden Joel Ziegler's Response to Petitioner Request for Administrative Remedy dated January 24, 2012 (Id., p. 24.); (7) A copy of Petitioner's Request for Administrative Remedy dated December 6, 2011 (Id., p. 25.); (8) A copy of Petitioner's "Request for Administrative Remedy Informal Resolution Form" dated August 16, 2012 (Id., p. 26.); (9) A copy of Petitioner's "Central Office Administrative Remedy Appeal" dated March 28, 2012 (Id., p. 27.).

By Order entered on January 8, 2013, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 5.) On February 7, 2013, Respondent filed his Response to the Order to Show Cause. (Document No. 8.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner claim is now moot" (Id., pp. 5 - 6.); (2) "Petitioner's Federal sentence commenced on June 25, 2010" (Id., pp. 6 - 8.); (3) "Petitioner is not entitled to additional prior custody credit" (Id., pp. 8 - 9.); and (4) "Though moot, the Government is obligated to note that Petitioner failed to exhaust his administrative remedies" (Id., pp. 9 - 10.).

---

[2]   Petitioner's Administrative Remedy Appeal was rejected as untimely and as being submitted to the wrong level. (Document No. 1, p. 22.)

In support, Respondent attaches the following Exhibits: (1) The Declaration of Forest B. Kelly, a Correctional Programs Specialist (Document No. 8-1, pp. 2 - 5.); (2) A copy of a Memo from Rowan County Sheriff's Department (Id., pp. 7 - 8.); (3) A copy of Rowan County Information Related to 20-Day Sentence (Id., p. 10.); (4) A copy of the Judgment Order as filed in Criminal Case 1:08-cr-60 (Id., pp. 12 - 17.); (5) A copy of the U.S. Marshals Service Form 129 (Id., pp. 19 - 20.); (6) A copy of the BOP's "Public Information Data As Of 01-17-2013" (Id., pp. 22 - 23.); (7) A copy of the BOP's "Public Information Data As Of 01-14-2013" (Id., pp. 25 - 26.); and (8) A copy a McCollough v. O'Brien, 2007 WL 2029308 (W.D.Va. July 10, 2007) (Document No. 8-2.).

On February 22, 2013, Petitioner filed his Reply. (Document No. 9.) Petitioner complains that even though the "BOP recalculated his new time credit, they failed to award him time from 11-07-2007, instead they start his time credit from November 26, 2007." (Id., pp. 1 - 2.) As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's "Sentence Monitoring Computation Data As Of 07-07-2010" (Id., pp. 3 - 4.); and (2) A copy of Petitioner's "Sentence Monitoring Computation Data As Of 01-18-2013" (Id., p. 5 - 7.).

## ANALYSIS

### 1.      Exhaustion of Administrative Remedies:

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct

their own errors before being haled into Court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the

administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

Respondent argues that Petitioner failed to exhaust his administrative remedies. (Document No. 8, pp. 9 - 10.) In support, Respondent submits the Declaration of Forest B. Kelly, a Correctional Programs Specialist at the Designation and Sentence Computation Center. (Document No. 8-1, pp. 2 - 5.) Mr. Kelly states that in his position he has access to SENTRY, the Bureau of Prisons' online system containing, among other things, information about inmates' administrative remedy filings. (Id., p. 2.) Specifically, Mr. Kelly states that "[a] review of SENTRY, the BOP's record system, shows that while Petitioner appropriately filed an administrative remedy at the institution level regarding the calculation of his federal sentence, Petitioner failed to timely appeal the Warden's denial." (Id., p. 5.) In his Reply, Petitioner does not dispute that he failed to exhaust his administrative remedies. (Document No. 9.)

Based upon a review of the record, the undersigned finds that Petitioner failed to fully exhaust his administrative remedies. Although Petitioner filed an Administrative Remedy Request at the institutional level regarding the calculation of his Federal sentence, Petitioner failed to timely appeal the Warden's denial. (Document No. 1, pp. 21 - 27 and Document No. 8-1, p. 5.) Petitioner, therefore, failed to fully exhaust his administrative remedies prior to filing the instant action. Notwithstanding the foregoing, the undersigned will consider the merits of Petitioner's claim.

**B.**    **Mootness:**

Respondent argues that Petitioner's Petition is now moot. (Document No. 8, pp. 5 - 6.) Respondent explains that "Petitioner filed this Petition specifically requesting that his sentence commence on February 26, 2008, or alternatively that he be awarded prior custody credit from February 26, 2008, until his federal sentence commenced." (Id., p. 5.) Respondent states that following the filing of Petitioner's Petition, "the BOP prepared an updated sentencing computation for Petitioner based on a 160-month term of imprisonment beginning June 25, 2010, with prior custody credit for September 15, 2007; October 22, 2007; and from November 26, 2007 through June 24, 2010." (Id.) Thus, Respondent states that "Petitioner has been granted prior custody credit for the time period Petitioner requests credit for, specifically from February 26, 2008, until his federal sentence commenced." (Id., p. 6.)

In his Reply, Petitioner argues that his Petition is not moot. (Document No. 9.) Petitioner complains that even though the "BOP recalculated his new time credit, they failed to award him time from 11-07-2007, instead they start his time credit from November 26, 2007." (Id., p. 1.) Petitioner states that "[t]he BOP has previously awarded Petitioner credit from November 7, 2007" and "he should receive credit that was previously granted and now taken away." (Id., pp. 1 - 2.)

Under Article III, Section 2 of the Constitution of the United States, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998)(quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990)). This case or controversy requirement means that Petitioner must continue to have a personal stake in the outcome of the civil action when the Petition is filed

and when the case is decided. Id. If at any point in the proceeding there is no actual controversy, the case must be dismissed as moot. Id. The undersigned notes that since the filing of Petitioner's Petition, Respondent has granted Petitioner Federal credit for the time period he requested in his Petition (from February 26, 2008, until his federal sentence commenced). In his Reply, however, Petitioner continues to complain that Respondent is improperly denying him Federal credit for the time he served in State custody. Specifically, Petitioner argues that when Respondent corrected the calculation of his Federal sentence, Respondent incorrectly removed Federal custody credit for November 7, 2007, through November 25, 2007. Accordingly, the undersigned will consider the merits of Petitioner's claim because an actual controversy remains concerning the correct calculation of Petitioner's term of imprisonment.

**C.    Petitioner's Federal sentence did not commence until June 25, 2010.**

Title 18 U.S.C. § 3585(a) provides that a Federal sentence does not begin to run until the defendant is received into custody for service of the sentence. Generally, the first arresting sovereign acquires primary jurisdiction "for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). Primary jurisdiction can be relinquished by operation of law, such as bail release, expiration of sentence, or dismissal of charges. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). In the instant case, State authorities arrested Petitioner on November 7, 2007. Accordingly, State authorities obtained primary jurisdiction on November 7, 2007. Petitioner was then temporarily transferred into Federal custody numerous times, pursuant to a Writ of *Habeas Corpus ad Prosequendum* for proceedings upon his Federal charges and sentenced on February 23, 2010, to a 160-month term of

imprisonment. On April 16, 2010, Petitioner was returned to State authorities via a return Writ. State authorities relinquished primary jurisdiction on June 25, 2010, when Petitioner's State sentences were voluntarily dismissed. Accordingly, Petitioner's Federal sentence did not commence until June 25, 2010, the day Petitioner's State sentences were dismissed and when Petitioner was awaiting transportation to an official facility to serve his Federal sentence.

**D.     Petitioner is not entitled to prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

**(1)** as a result of the offense for which the sentence was imposed; or

**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

In the instant case, the Court finds that Petitioner is not entitled to receive any additional prior custody credit. Subsequent to the filing of Petitioner's Petition, the BOP recalculated Petitioner's sentence and granted him 944 days of prior custody credit against his Federal sentence. (Document No. 8-1, p. 23.) Specifically, the BOP granted Petitioner prior custody credit for September 15, 2007 (the one day Petitioner spent in State custody before posting bond); October 22,

2007 (the one day Petitioner spent in State custody before posting bond); and from November 26, 2007, through June 24, 2010 (the time Petitioner spent in State custody that was not credited towards another sentence).[3] (Id., pp. 4 and 23.) Petitioner continues to argue that he is entitled to Federal credit for November 7, 2007, through November 25, 2007. A review of the record, however, reveals that Petitioner received credit towards his State sentence for the time period of November 7, 2007, through November 25, 2007. Specifically, the BOP calculated the one day Petitioner spent in State custody on March 9, 2007, and the 19 days he spent in State custody from November 7, 2007, through November 25, 2007, as time credited towards Petitioner's 20-day term of imprisonment as imposed by the Rowan County District Court on January 28, 2008. (Document No. 8-1, pp. 3 - 4.) The BOP may not grant prior custody credit for time that has been credited against another sentence. See United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence

_____

[3] Concerning the updated review of the calculation of Petitioner's sentence, Mr. Keller declares as follows (Document No. 8-1, p. 4.):

> Prior to an updated review by the BOP, Petitioner's sentence was computed based on a 160-month term of imprisonment beginning February 23, 2010, with prior custody credit for September 15, 2007; October 22, 2007; from November 7, 2007 through December 17, 2007; and from January 21, 2009 through February 22, 2010. Based on this calculation, Petitioner was scheduled to release, via Good Conduct Time Release, on July 19, 2020. Following its review, the BOP has now prepared an updated sentence computation for Petitioner based on a 160-month term of imprisonment beginning June 25, 2010, with prior custody credit for September 15, 2007; October 22, 2007; and from November 26, 2007 through June 24, 2010. Petitioner is now scheduled to release from Bureau custody, via Good Conduct Time Release, on July 6, 2019.

commences unless it has been credited against another sentence"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to Federal credit for November 7, 2007, through November 25, 2007.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce,

727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984).

Copies of such objections shall be served on opposing parties, District Judge Berger, and this

Magistrate Judge.

   The Clerk is requested to send a copy of this Proposed Findings and Recommendation to

Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

   Date: September 30, 2013.

R. Clarke VanDervort
United States Magistrate Judge